[Cite as *State v. Johnson*, 2013-Ohio-2275.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2012-10-210 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 6/3/2013 |
| - vs - | : | |
| | : | |
| MARLOWE M. JOHNSON, II, | : | |
| | | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-03-0402


Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Brandabur & Bowling Co., L.P.A., Jeffrey W. Bowling, 315 South Monument Avenue, Hamilton, Ohio 45011, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Marlowe M. Johnson, II, appeals from his sentence in the Butler County Court of Common Pleas following his guilty plea to one count of nonsupport of dependents in violation of R.C. 2919.21(A)(2). For the reasons set forth below, we affirm Johnson's sentence.

{¶ 2} On March 21, 2012, the Butler County Grand Jury indicted Johnson on one count of nonsupport of dependents in violation of R.C. 2919.21(A)(2), and one count of

nonsupport of dependents in violation of R.C. 2919.21(B), both fifth-degree felonies. Johnson pled guilty to the violation under R.C. 2919.21(A)(2), and the remaining count was merged. According to the facts the state presented during the plea hearing, Johnson recklessly abandoned or failed to provide adequate support for his child who was under the age of 18 for a total accumulated period of 26 weeks out of 104 consecutive weeks.

{¶ 3} The trial court held a sentencing hearing and sentenced Johnson to serve a prison term of six months. Johnson appeals raising one assignment of error.

{¶ 4} Assignment of Error No. 1:

{¶ 5} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SENTENCEDS [SIC] APPELLANT TO A TERM OF IMPRISONMENT WITH THE DEPARTMENT OF REHABILITTION [SIC] AND [C]ORRECTION.

{¶ 6} In his sole assignment of error, Johnson argues the trial court abused its discretion in sentencing him to a term of six months of imprisonment rather than placing him on community control. Johnson asserts the trial court failed to comply with R.C. 2919.21(G)(1) as this section contains a preference for placing an offender on community control. Furthermore, Johnson argues that in order to sentence him to prison, R.C. 2919.21(G)(1)(b)(i) requires the court to determine that the imposition of a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. Johnson contends the trial court failed to make this determination. We find no merit to this argument.

{¶ 7} Appellate review of felony sentences is controlled by a two-step test outlined by the Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912. First, the appellate court must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *State v. Wiggins*, 12th Dist. No. CA2009-09-119, 2010-Ohio-5959, ¶ 7, citing *Kalish* at ¶ 4. If this first prong is satisfied, then the sentencing court's

decision is reviewed for an abuse of discretion. *Kalish* at ¶ 4; *State v. Rose*, 12th Dist. No. CA2011-11-214, 2012-Ohio-5607, ¶ 77. "An abuse of discretion is more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Kalish* at ¶ 19. As to sentencing, a trial court does not abuse its discretion as long as careful and substantial deliberation is given to the relevant statutory considerations. *State v. Bishop*, 12th Dist. No. CA2010-08-054, 2011-Ohio-3429, ¶ 15, citing *Kalish* at ¶ 20.

{¶ 8} In applying the first prong of the test outlined in *Kalish*, a sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *State v. Elliott*, 12th Dist. No. CA2009-03-020, 2009-Ohio-5926, ¶ 10, citing *Kalish* at ¶ 18. Moreover, a trial court must consider the statutes that are specific to the case itself. *Bishop* at ¶ 15, citing *Kalish* at ¶ 13. In the present case, one such statute is R.C. 2919.21.[1] The General Assembly recently amended R.C. 2919.21 to include a preference for placing offenders convicted of nonsupport of dependents on community control.[2] R.C. 2919.21(G)(1)(a) states in pertinent part:

> (a) Except as otherwise provided in division (G)(1)(b) of this section, the court in imposing sentence on the offender shall first consider placing the offender on one or more community control sanctions * * * with an emphasis under the sanctions on intervention for nonsupport, obtaining or maintaining employment, or another related condition.

However, the preference for community control found in section (G)(1)(a) does not apply if:

> (i) The court determines that the imposition of a prison term on the offender is consistent with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code.

---

1. We note that although Johnson frames his argument as the trial court "abused its discretion" we find his argument more appropriately fits under the discussion of the first prong of the *Kalish* test as he is essentially asserting the trial court failed to adhere to the applicable rules and statutes in imposing his sentence.

2. H.B. 86, which amended R.C. 2919.21 became effective on September 30, 2011.

(ii) The offender previously was convicted of or pleaded guilty to a violation of this section that was a felony, and the offender was sentenced to a prison term for that violation.

(iii) The offender previously was convicted of or pleaded guilty to a violation of this section that was a felony, the offender was sentenced to one or more community control sanctions of a type described in division (G)(1)(a) of this section for that violation, and the offender failed to comply with the conditions of any of those community control sanctions.

R.C. 2919.21(G)(1)(b).

{¶ 9} Johnson concedes the trial court sentenced him within the statutory range. However, he argues that the trial court erred in imposing a six-month term of imprisonment as it failed to determine, pursuant to R.C. 2919.21(G)(b)(i), that the imposition of a prison term was consistent with the purpose and principles of sentencing under R.C. 2929.11.

{¶ 10} Contrary to Johnson's assertions, the judgment entry of conviction clearly indicates and specifically states that the trial court considered "the principles and purposes of sentencing under Ohio Revised Code 2929.11" and further found "that the defendant is not amenable to an available community control sanction."  Although the trial court did not specifically state these same findings during the sentencing hearing, the trial court is not required to do so.  A court speaks only through its entries, and it is clear from the judgment entry of conviction that the trial court properly considered R.C. 2919.21 and R.C. 2929.11. *See State v. Grundy*, 12th Dist. No. CA2011-09-099, 2012-Ohio-3133, ¶ 52, fn 1.  The transcript from the sentencing hearing also indicates that the court considered the preference for community control but noted Johnson's "past has not been good here with this Court" as he failed to appear on at least two prior occasions.  As a result, the court then imposed a sentence of six months incarceration.  From this record, we find the trial court properly considered the preference for community control but ultimately found that a prison sentence was consistent with the purposes and principles of sentencing.

{¶ 11} Based on the foregoing, Johnson's sentence was not contrary to law as the trial court complied with all applicable rules and statutes, including R.C. 2919.21.

{¶ 12} As to the second prong of *Kalish*, the record demonstrates that the trial court considered Johnson's prior criminal record, the fact that he owed over $14,000 in child support, the impact his failure to support had on his child, and that on at least two prior occasions he had failed to appear before the court on this case. Moreover, the court found Johnson's excuse for his failure to appear in this case was unbelievable in light of his extensive contact with the judicial system. Finally, the court noted that in a prior case, in another jurisdiction, Johnson was placed on felony community control; he later absconded from supervision which resulted in a revocation of community control and thereafter he was sentenced to a term of imprisonment. After a review of the record, we find no abuse of discretion.

{¶ 13} Johnson's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and PIPER, J., concur.